```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
                               )
vs.                            )   CRIMINAL ACTION
                               )   NO. 04-1789-CBS
CARLOS RUBEN RIVERA,           )
         Defendant,            )
_____)
```

**MEMORANDUM OF PROBABLE CAUSE AND ORDER ON THE
GOVERNMENT'S MOTION FOR DETENTION**
July 2, 2004

**SWARTWOOD, M.J.**

I.   Nature of the Case and the Government's Motion

On June 22, 2004, a Criminal Complaint was filed, charging Carlos Ruben Rivera ("Mr. Rivera"), with possession with intent to distribute and distribution of heroin and cocaine, in violation of 21 U.S.C. §841(a)(1) and with being a felon in possession of ammunition, in violation of 18 U.S.C. §922(g)(1).

At Mr. Rivera's initial appearance in connection with this Complaint, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)1)(A)(Mr. Rivera is charged with a crime of violence), (f)(1)(C)(Mr. Rivera is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), and (f)(2)(A)(risk of flight).

On June 28, 2004, a consolidated probable cause/detention hearing was held and at that hearing, Brendan C. Hickey, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), testified on behalf of the Government and was cross-examined by Mr. Rivera's counsel.

## II.  Findings of Fact

1.  On April 1, 2004, a confidential informant ("CI"), made an undercover controlled purchase of 10.04 grams of heroin from Mr. Rivera for $1,000.  Govt. Ex. 1.

2.  On April 19, 2004, the CI purchased an Iver Johnson .38 caliber revolver and a box of Remington .38 caliber ammunition with thirty-four (34) live rounds from Mr. Rivera for $400.  Id.  The CI had told Mr. Rivera that the CI was going to use the firearm to take care of a few problems on the street.  Id.

3.  On June 18, 2004, the CI purchased 1 ounce or 29.2 grams of cocaine from Mr. Rivera for $1,100.  Id.

4.  An ATF Interstate Nexus expert later confirmed that the ammunition sold to the CI by Mr. Rivera was not manufactured in the Commonwealth of Massachusetts.

5.  On September 7, 1995, Mr. Rivera pled guilty in the Bristol County Superior Court (Massachusetts) to possession with intent to distribute cocaine and received a sentence for a term of not more than ten years, nor less than nine years; one year to be served and deemed served and the balance suspended for two years. On that same date, a charge of assault and battery on a police officer (2 counts) and possession of a dangerous weapon were both

filed by the Superior Court Judge since Mr. Rivera has already been sentenced on the cocaine charge.

### III. Probable Cause

Law enforcement officials monitored a CI purchasing from Mr. Rivera 10 grams of heroin, ammunition which had been manufactured outside of the Commonwealth of Massachusetts and 29 grams of cocaine. Therefore, I find probable cause for the offenses charged against Mr. Rivera in this Complaint.

### IV.   The Bail Reform Act

#### A.   Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e). The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the

norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. See 18 U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of

the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the

Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    2.    the weight of the evidence against the person;

    3.    the history and characteristics of the person, including:

        a.    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        b.    whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (4)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

V.   Discussion of Whether Detention is Warranted

A.   Mr. Rivera's History and Characteristics

Mr. Rivera was born on May 18, 1986, in Puerto Rico, where he live until age ten when he moved with his family to New Bedford, Massachusetts.  Mr. Rivera has lived in New Bedford since age ten.

Mr. Rivera graduated from New Bedford High School and attended one year of college, and received a certification and licensing as a heavy equipment operator after attending International Union of Operating Engineering for four years.

Mr. Rivera is married and has two children.  Mr. Rivera's wife does not presently reside with him, but just prior to his arrest they were working on a reconciliation.  In any event, Mr. Rivera spends every other weekend with his children.

Mr. Rivera's mother resides in New Bedford, his father in Puerto Rico and Mr. Rivera's two brothers and two sisters all live in Southeastern Massachusetts.

I have previously described Mr. Rivera's criminal record. However, Mr. Rivera also has a record of defaults for failure to appear in Court.

C.   Nature of the Offense and Weight of the Evidence

I have previously found probable cause for the offense charged against Mr. Rivera in this Complaint.  Each of these purchases of heroin, ammunition and firearm, and cocaine were recorded as a result of a wire being worn by the CI.  Additionally, these transactions were all surveilled by law enforcement officers.

Therefore, I find that the weight of the evidence against Mr. Rivera is substantial.

### D. Rebuttable Presumption

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(C), and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Rivera were released, or the appearance of Mr. Rivera as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case, because Mr. Rivera is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. I have found probable cause exists for the offense charged against Mr. Rivera in the Complaint. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Rivera or the safety of the community if he were released. I find that Mr. Rivera has not produced nor proffered any credible evidence on his own behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985); United States v. Vires, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Rivera has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion

that Mr. Rivera poses a danger to the community and a risk of flight.

    E. <u>Whether Mr. Rivera Poses A Danger to the Community</u>

Mr. Rivera has been charged with distribution of cocaine and heroin and being a felon in possession of ammunition. I have previously found that a felon in possession of a firearms and/or ammunition is a crime of violence and therefore, find that the Government is warranted in seeking detention on this ground. Mr. Rivera has been charged with drug offenses for which a maximum penalty of ten years or more as prescribed in the Controlled Substances Act. Therefore, the Government is warranted in seeking detention under Sections 3142(f)(1)(C).

Mr. Rivera has a prior record for possession with intent to distribute cocaine for which he received a substantial sentence and although two counts of assault and battery on a police officer and possession of a dangerous weapon were all filed, I find that they were filed only because Mr. Rivera, at the same time, had already received a substantial sentence for the drug offense. Additionally, four restraining orders have been taken out against Mr. Rivera, the last of which expired in May 2004. Furthermore, in this case, there is substantial evidence that Mr. Rivera sold the CI a firearm and ammunition with the understanding that the CI intended to use them to take care of problems on the street, <u>i.e.</u>, kill someone(s).

I find that Mr. Rivera's criminal history reveals crimes of violence and also a drug offense. Therefore, considering the totality of the offenses charged in this Complaint and Mr. Rivera's criminal record, I find by clear and convincing evidence that Mr. Rivera poses a danger to the community and that there are no conditions or combination of conditions that I can impose that would assure the safety of any person or persons in the community if he were released.

F. <u>Whether Mr. Rivera Poses A Risk Of Flight</u>

Mr. Rivera has substantial ties to the New Bedford area, where his wife, two children and mother and siblings reside. I also note that Mr. Rivera self-surrendered when notified of a warrant for his arrest in connection with this Complaint. However, Mr. Rivera faces a substantial period of incarceration if he is found guilty of the offenses charged in this Complaint and that fact coupled with Mr. Rivera's record of defaults convinces me that Mr. Rivera poses a flight risk. Therefore, considering the totality of these circumstances, I find by a preponderance of the evidence that Mr. Rivera poses a risk of flight and that there are no conditions or combination of conditions that I may impose that would assure his appearance in Court as directed.

IV. <u>Order of Detention Pending Trial</u>

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.   That Mr. Rivera be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.   That Mr. Rivera be afforded a reasonable opportunity for private consultation with counsel; and

3.   On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Rivera is detained and confined shall deliver Mr. Rivera to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

<u>RIGHT OF APPEAL</u>

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

<u>/S/CHARLES B. SWARTWOOD, III</u>
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE