Prob12B
(7/93)

## United States District Court
### for the District of Massachusetts
### Report on Offender Under Supervision and
### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Carlos Ruben Rivera      **Case Number:** 04-CR-10192-001

**Name of Sentencing Judicial Officer:** The Honorable Nancy Gertner, U.S. District Judge

**Date of Original Sentence:** 10/20/05

**Original Offense:** Possession with Intent to Distribute and Distribution of Heroin, Felon in Possession of Ammunition, Possession with Intent to Distribute Cocaine and Distribution of Cocaine.

**Original Sentence:** 18 months custody U.S. Bureau of Prisons, 6 years supervised released

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** 8/25/06

### PETITIONING THE COURT

[ ] To extend the term of supervision for years, for a total term of years
[X] To modify the conditions of supervision as follows:

> The defendant is to participate in a program for anger management as directed by the United States Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or the availability of third party payment.

### BACKGROUND

On 10/20/05, Rivera appeared before Your Honor for sentencing, after previously pleading guilty to one count of *Possession with Intent to Distribute and Distribution of Heroin*, one count of *Felon in Possession of Ammunition*, and one count of *Possession with Intent to Distribute Cocaine and Distribution of Cocaine*. The defendant was sentenced to serve 18 months in federal custody and 72 months of supervised release. On 8/24/06, Rivera was released from federal custody and began serving the supervisory portion of his sentence. He presently resides with and is the sole caretaker for his twelve-year-old son. Until 7/28/07, the defendant had been fully compliant with all of his terms of supervised release.

### CAUSE

On 7/28/07, Rivera contacted the Probation Office and advised that he had been arrested for assaulting his seventeen-year-old daughter. A New Bedford Police report reflects that on 7/28/07, at 6:06 p.m., Kaitlyn Rivera, the defendant's daughter, and her friend Jessenia Mejias (age 21) went to a police station in New Bedford to report that the defendant had attacked them.

Prob 12B                                  - 2 -                          Request for Modifying the
                                                                          Conditions or Terms of Supervision
                                                                          with Consent of the Offender

The defendant's daughter indicated that she and Mejias had gone to her father's house so that he could fix a headlight on her automobile. She stated that her father was upset because he believed that she and Mejias were romantically involved, and he does not approve of such relationships.

After the two women left the vehicle in the defendant's driveway and were walking towards a park across the street, where a festival was underway, the defendant stopped them and said, "I'm not someone to mess with. I didn't go to jail for selling candy so don't play games with me. If yous are together yous need to tell me cause I'm gonna smack the shit outta both of yous."

According to the police report, when Mejias responded that "there's nothing to joke about or play about," the defendant assaulted her. When the defendant's daughter intervened, the defendant began assaulting her. The defendant pushed both women to the ground and dragged them by the hair. At this point, the defendant's girlfriend stopped him from continuing the attack.

After speaking with the defendant's daughter and Mejias, authorities traveled to the defendant's residence and arrested him. As he was being taken into custody, Rivera denied that anything had occurred between him and his daughter and Mejias.

On 7/30/07, the defendant was arraigned in New Bedford District Court on two counts of *Assault and Battery*. The matter was continued to 10/11/07, for a pretrial conference. On 7/30/07, Probation spoke with Rivera about his latest arrest and directed him to have no contact, direct or indirect, with his daughter or Mejias.

On 7/31/07, Probation telephoned the New Bedford Police Officer who met with the defendant's daughter and Mejias after the attack, and the officer indicated that the women presented as credible and had red marks on their legs. During a subsequent conversation with Probation, when asked to describe what had occurred at her father's house on 7/28/07, the defendant's daughter reiterated what she had told the police. She stated that she had not had any contact with her father since 7/28/07, and that she would notify this officer if her father made any effort to communicate with her.

On 8/6/07, Rivera attended an administrative hearing at the Probation Office to address his 7/28/07 arrest. During the hearing, Probation discussed the seriousness of the charges pending against the defendant and reiterated that he was not to communicate or attempt to communicate with his daughter. Probation told Rivera that his daughter and Mejias' allegations were credible and could lead to revocation proceedings being initiated against him in federal court.

At the conclusion of the hearing, Probation proposed to the defendant that he sign a Waiver of Hearing form, agreeing to complete an anger management program in lieu of initiating violation proceedings against him at this time. On 8/10/07, after having discussed Probation's proposal with his attorney, Rivera signed the Waiver of Hearing form, consenting to participate in and complete an anger management program.

Prob 12B                                 - 3 -                          Request for Modifying the
                                                                        Conditions or Terms of Supervision
                                                                        with Consent of the Offender

If Your Honor agrees with the addition of a special condition mandating that the defendant participate in anger management counseling and with refraining from addressing the new charges against Rivera in federal court until the matter is resolved in New Bedford District Court, please so indicate by signing below.

Reviewed/Approved by:                                  Respectfully submitted,

_____                        By      _____
Martin G. Flynn                                        Frederick Lawton
Officer-in-Charge                                      U.S. Probation Officer

                                               Date:   August 14, 2007

---

### THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

_____
Nancy Gertner
U.S. District Judge

_____
Date  Aug 21, 2007

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

I, Carlos Rivera, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I, Carlos Rivera, hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

> The defendant is to participate in a program for anger management as directed by the United States Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment.

Witness: _Frederick Lawton_  Signed: _Carlos R Rivera_
Frederick Lawton            Carlos Rivera
U.S. Probation Officer      Supervised Releasee

8/10/07
DATE