

# MEMORANDUM

**To:**     The Honorable Nancy Gertner, U.S. District Judge

**From:**   Frederick Lawton, U.S. Probation Officer

**Re:**     RIVERA, Carlos Ruben    Dkt. No.: 04-CR-10192-001

<u>Assault and Battery Charge</u>

**Date:**   February 19, 2008

On 10/20/05, Rivera appeared before Your Honor for sentencing, after previously pleading guilty to one count of *Possession with Intent to Distribute and Distribution of Heroin*, one count of *Felon in Possession of Ammunition*, and one count of *Possession with Intent to Distribute Cocaine and Distribution of Cocaine*. The defendant was sentenced to serve 18 months in federal custody and 72 months of supervised release. On 8/24/06, Rivera was released from federal custody and began serving the supervisory portion of his sentence. He presently resides with and is the sole caretaker for his twelve-year-old son.

As Your Honor was advised via a Waiver of Hearing petition dated 8/14/07, the defendant had been compliant with all of his terms of supervised release until 7/28/07, when he was arrested for Assault and Battery. A New Bedford Police report reflects that on 7/28/07, Kaitlyn Rivera, the defendant's daughter, and her friend Jessenia Mejias went to a police station in New Bedford to report that the defendant had attacked them.

The defendant's daughter told police that she and Mejias had gone to her father's house so that he could fix a headlight on her automobile. She stated that her father was upset because he believed that she and Mejias were romantically involved, and he did not approve of such relationships. According to the police report, after verbally arguing with his daughter and Mejias; the defendant assaulted both woman.

Subsequent o speaking with the defendant's daughter and Mejias, authorities arrested Rivera. On 7/30/07, the defendant was arraigned in New Bedford District Court on two counts of *Assault and Battery*, and the matter was continued for a pretrial conference.

After his arraignment in New Bedford District Court, Rivera attended an administrative hearing at the Probation Office to address his recent arrest. During the hearing, Probation discussed the seriousness of the pending Assault and Battery charges and reiterated to the defendant that he was not to communicate with his daughter or Mejias. Probation told Rivera that his daughter and Mejias'

allegations were credible and could lead to revocation proceedings being initiated against him in federal court.

At the conclusion of the administrative hearing, Probation proposed to the defendant that he sign a Waiver of Hearing form, agreeing to complete an anger management program in lieu of Probation's initiating violation proceedings against him. On 8/10/07, after having discussed Probation's proposal with his attorney, Rivera signed the Waiver of Hearing form, consenting to participate in and complete an anger management program. On 8/21/07, Your Honor ratified the Waiver of Hearing form.

After Your Honor endorsed the Waiver of Hearing, Rivera was referred for anger management counseling at the High Point Treatment Center in New Bedford. The defendant continues to participate in this treatment and, according to the clinician, is making progress in addressing his difficulty in controlling his temper.

Probation continues to maintain contact with the defendant's daughter who reports that her father has not seen or communicated with her or Mejias since the assault other than when the two are in New Bedford District Court. On 12/6/07, Rivera appeared in that court, pleaded guilty to having assaulted his daughter and Mejias, and was placed on one year of state probation.

At this time, the U.S. Probation Office recommends that no action be taken against the defendant in federal court, despite the state conviction, provided that he continue to participate in and successfully complete his present anger management classes.

If Your Honor agrees that a hearing in federal court is not warranted as long as the defendant completes the anger management program, please so indicate below.

Reviewed/Approved by:

_____
Martin G. Flynn
Officer-in-Charge

✓ A hearing in federal court is not necessary, provided Rivera complete his anger management program.

____ A hearing in federal court should be scheduled.

_____
Nancy Gertner
U.S. District Judge

2/28/08
Date